**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00668-CMA

DONNA G. MARTINEZ,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security

    Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEY FEE PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

---

This matter is before the Court on Plaintiff Donna G. Martinez's Motion for Attorney Fee Pursuant to the Equal Access to Justice Act (EAJA), which was filed on August 16, 2010.  (Doc. #27).  For the following reasons, Plaintiff's Motion is GRANTED.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in an April 29, 2010 Order ("April 29 Order"), in which the Court affirmed in part and reversed and remanded in part the August 28, 2008 decison of the Administrative Law Judge ("ALJ").  (Doc. # 20.)  A brief summary of the facts is set forth below.

Plaintiff applied for Social Security disability benefits on July 29, 2004, claiming a disability date of February 22, 1999, arising from back pain, fatigue, depression, osteoarthritis, and fibromyalgia.  A hearing was held on March 16, 2006, during which Plaintiff amended her disability onset date to July 1, 2004. On July 21, 2006, the ALJ

issued a decision denying benefits, which decision the Appeals Council affirmed on January 16, 2007.

On February 5, 2007, Plaintiff filed a civil action, seeking judicial review of the denial of disability benefits. United States Judge John L. Kane was assigned to that case. (Doc. # 3, Case No. 07-cv-254.) On August 21, 2007, Defendant filed an Unopposed Motion to Remand on Grounds that "SSA's Appeals Council, in its role as finder of fact, has further reviewed Plaintiff's case and determined that a remand for further proceedings is appropriate." (Doc. # 22, Case No. 07-cv-254.) Accordingly, Judge Kane granted Defendant's Unopposed Motion for Remand. (Doc. # 23, Case No. 07-cv-354.) On December 13, 2007, the Appeals Council remanded the case for further proceedings consistent with Judge Kane's Order.

On July 10, 2008, a supplemental hearing was held, during which two medical experts testified. On August 28, 2008, the ALJ again denied Plaintiff's claim, finding that she had not been under a disability within the meaning of the Social Security Act. Sometime thereafter, Plaintiff appealed the ALJ's decision. On March 10, 2009, the Appeals Council affirmed the ALJ's decision ("March 10, 2009 Affirmance").

On March 25, 2009, Plaintiff initiated the above-captioned action. After briefing and a hearing, the Court, in its April 29 Order, affirmed the ALJ's non-disability determination as it relates to Plaintiff's physical limitations. (Doc. # 20.) However, the Court reversed and remanded the ALJ's non-disability determination as it relates to Plaintiff's mental limitations, as well as the effect of Plaintiff's physical pain and/or pain medications on mental functioning capacity. (*Id.*) The Court directed that the case be

remanded to the previously-assigned ALJ and dismissed the case without prejudice. (*Id.*)

Pursuant to the April 29 Order, the Clerk of Court entered Judgment on May 3, 2010 (Doc. # 21).  On May 13, Plaintiff submitted a Proposed Bill of Costs in the amount of $25.00 (Doc. # 22), which the Clerk of Court taxed against Defendant the following day (Doc. # 23).  On May 18, Plaintiff filed an Unopposed Motion to Alter or Amend or Correct the April 29, 2010 Order Under Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 60(a). (Doc. # 24.)  Plaintiff asked the Court to remand the case to the Commissioner, rather than the previously-assigned ALJ, for further proceedings.  Accordingly, on May 20, the Court amended its April 29 Order, and, on May 24, the Clerk amended the Judgment ("Amended Judgment") (Doc. # 26).

On August 2, 2010, three months after the Clerk entered the Amended Judgment, Plaintiff's attorney, Patrick C.H. Spencer, II, submitted the instant Motion for Attorney Fee Pursuant to EAJA, 28 U.S.C. § 2412, seeking a fee award in the amount of $8,415.21 for 48.8 hours of work.[1]  (Doc. # 27.)  Defendant Michael J. Astrue, Commissioner of Social Security, responded on August 2, 2010.  (Doc. # 28.)  Plaintiff replied on August 27, 2010.  (Doc. # 29.)  In the Reply, Mr. Spencer noted the addi-

---

[1] In support of the Motion for Attorney Fee, Mr. Spencer submitted a Declaration, time records, and a Consumer Price Index table from the Bureau of Labor Statistics' web site. (Docs. ## 27-1 through 27-3.)  The submitted time records reflect that Mr. Spencer billed 54.26 hours.  In the instant Motion, Mr. Spencer mistakenly asserts that he has not requested compensation for 5.46 hours; the submitted time records reveal that Mr. Spencer is not seeking compensation for 6.3 hours of time.  (*See* Doc. # 27-2.)

Additionally, the Court notes that, between March 10, 2009 through October 21, 2009, Mr. Spencer's hourly billing rate was $174.88; by January 6, 2010, Mr. Spencer's billing rate increased to $176.96, commensurate with the Consumer Price Index's cost of living adjustment. (Doc. # 29-1.)

tional 4.64 hours he billed to prepare a reply to Defendant's response brief.  (*Id.* at 4.) Accordingly, Mr. Spencer amended his fee request to $9,236.30, for a total of 53.44 hours of time.  (*Id.* at 7.)

On October 6, 2010, the Court issued an Order to Show Cause Regarding Plaintiff's Motion for Attorney Fees Pursuant to the Equal Justice Act (EAJA), directing Plaintiff to show cause, on or before October 20, 2010, why her attorneys' fees motion should not be denied for failure to comply with EAJA's 30-day filing deadline.  (Doc. # 30.)  Plaintiff duly responded on October 18, 2010, and satisfied the Court's concerns about the timeliness of her Motion.  (Doc. # 31.)

## II.  PLAINTIFF'S EAJA FEE REQUEST

Pursuant to 28 U.S.C. § 2412(d)(1)(B),

[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment[2] in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and that the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

In the instant case, Plaintiff timely filed her Motion for Attorney Fee on August 2, 2010, within thirty days of July 23, 2010, her deadline to appeal the Court's May 24,

---

[2] "Final judgment" means a judgment that is final and not appealable, and includes an order of settlement.

2010 Amended Judgment.[3]  In support of her Motion, Plaintiff asserts that she is a "prevailing party" within the meaning of the EAJA and that the Court's April 29, 2010 Order demonstrates that Defendant's position was not substantially justified.  (Doc. # 27 at 2.)

In opposition to Plaintiff's Motion, Defendant asserts that the ALJ's August 28, 2008 decision and denial of benefits was substantially justified; alternatively, Defendant asserts that Plaintiff's fee request is excessive.

As stated by the Tenth Circuit, where, as in the instant case, a Social Security disability claimant obtains a district court remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for EAJA purposes.  *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007).  Further, "[t]he Commissioner has the burden of demonstrating that his position was substantially justified, a test that, in [the Tenth Circuit], means his position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person.  Even though the Commissioner's position turns out to be incorrect, it can still be justified.  Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified."  *Harrold v. Astrue*, 372 F. App'x 903, 904 (10th Cir. 2010) (unpublished) (internal citations and quotations omitted).

---

[3]  Pursuant to Fed. R. App. P. 4(a)(1)(B), "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  Thus, because the Commissioner of the Social Security Administration is a party, Plaintiff's time to appeal expired on July 23, 2010, 60 days after the May 24, 2010 Amended Judgment.

In the instant case, in the April 29, 2010 Order, the Court stated that the ALJ's non-disability determination with regard to Plaintiff's physical limitations is adequately supported by the record. However, with respect to Plaintiff's mental limitations, the Court stated the ALJ's analysis fell short in three respects:

> First, despite an obligation to obtain additional evidence, where necessary, the ALJ was summarily dismissive of Dr. Sigler-Black's June 2008 report that Plaintiff suffers from 'serious psychopathology' and has a low GAF score. In dismissing the report for lack of objective supporting evidence, the ALJ ignored the report's references to psychological tests and several treatment visits. Efforts to obtain these referenced documents should have been made, pursuant to 20 C.F.R. §§ 404.1512(e), 1527(c)(3).
>
> Second, the ALJ was equally dismissive of Dr. Nizami's opinions concerning the disabling nature of Plaintiff's mental limitations, despite Dr. Pelc's testimony that Dr. Nizami's available records made it more difficult to determine whether Plaintiff's problems are in a mild or moderate range. Thus, efforts should have been made to obtain additional evidence concerning Dr. Nizami's conclusions.
>
> Finally, Dr. Pelc admitted on cross-examination that he had considered only the impact of Plaintiff's mood disorder and anxiety on her mental limitations and did not account for the impact of Plaintiff's medications or chronic pain on her mental limitations, despite notations in Plaintiff's medical records to that effect. Nevertheless, in the August 28, 2008 decision, the ALJ summarily concluded that he 'accords great weight to the opinions of Dr. Pelc' and 'concludes that [Plaintiff's] mild to moderate mental functional limitations, when combined with the side effects of her medications, would limit her to unskilled work." However, in adopting Dr. Pelc's conclusions, the ALJ failed to address notations from Plaintiff's treating sources, namely Drs. Koons and Pennington and physician's assistant Miller concerning the medications' impact on Plaintiff's ability to concentrate. Notably, consideration of medications' impact on a claimant's ability to function is an integral factor in a functional limitation analysis. *See* 20 C.F.R. § 404.1520a(c).

(Doc. # 20 at 21-22) (internal footnotes, record citations, and quotations omitted; modifications in the original). In sum, the Court found that the ALJ's analysis of

Plaintiff's mental limitations consisted of overt procedural missteps, in contravention of the applicable regulations.

In light of the aforementioned procedural missteps, the Court finds that the Commissioner's pre-litigation and litigation positions concerning the non-disabling nature of Plaintiff's mental limitations were not substantially justified. Accordingly, the Court finds that Plaintiff is entitled to EAJA fees. *See Meyers v. Astrue*, No. 08-cv-2773, 2010 WL 2653306 (D. Colo. July 1, 2010) (unpublished) (finding that the Commissioner's position was not substantially justified where the ALJ substituted his own opinion for that of the plaintiff's treating sources); *Hogarth v. Astrue*, No. 07-cv-02106, 2009 WL 2235911, at *1 (D. Colo. July 24, 2009) (finding that the Commissioner's position was not substantially justified where the ALJ failed to comply with the Social Security Administration's own policies and regulations).

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of the fee request. As noted above, Plaintiff seeks a fee award in the amount of $9,236.30, for 53.44 hours of time. (Doc. # 29 at 7.) Defendant asserts that Plaintiff's fee request is excessive, principally on grounds that many of the facts and issues raised in the opening brief in this case duplicate many of the facts and issues previously raised at the administrative level. (Doc. # 28 at 24.) Defendant further contends that, on average, practitioners typically spend between 30 to 40 hours on a Social Security disability claim at the district court level and, thus, the 53.44 hours billed by Plaintiff's counsel is excessive. (*Id.* at 26.)

When evaluating claims for attorneys' fees, the court must first determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v.*

*Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). Factors considered in a reasonableness determination include (a) the hours that would be properly billed to one's client in accordance with good "billing judgment," (b) time spent on specific tasks, and (c) duplication of efforts. *Malloy*, 73 F.3d at 1017-18; *Ramos*, 713 F.2d at 553-54. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018.

Once the court has determined the number of hours reasonably spent, the court must then determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *LaSelle v. Pub. Serv. Co. of Colo. Severance Pay Plan*, 988 F. Supp. 1348, 1351 (D. Colo. 1997); *Malloy*, 73 F.3d at 1018.

Having reviewed Plaintiff's attorney's billing submissions, the Court finds that counsel reasonably spent 53.44 hours on this matter. First, the submissions do not evidence council's duplication of work performed prior to the Appeals Council's March 10, 2009 Affirmance, and the time spent on specific tasks appears reasonable. Second, the parties do not dispute the reasonableness of counsel's hourly rate of compensation. Plaintiff's proposed fees are reasonably based on the statutory rate of $125.00 per hour,

plus a cost of living adjustment calculated pursuant to the Consumer Price Index. (*See* Doc. # 27-1.) Thus, the Court will grant Plaintiff's Motion for Attorney Fee Pursuant to the Equal Access to Justice Act (EAJA) in the amount specified in her Motion.

### III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1)  Plaintiff's Motion for Attorney Fee Pursuant to the Equal Access to Justice Act (EAJA) (Doc. # 27) is GRANTED; and

(2)  Defendant is ordered to pay $9,236.30 to Plaintiff in attorneys' fees under the EAJA. The EAJA attorney fee award shall be made payable to Plaintiff and delivered to Plaintiff's attorney.

DATED: April   07  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge